UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GREGORY A. JALVIA AND JACK FONG                    CIVIL ACTION
INDIVIDUALLY AND ON BEHALF OF ALL
SIMILARLY SITUATED PROPERTY
OWNERS WITHIN THE SIXTH TAXING
DISTRICT FOR THE PARISH OF ORLEANS

VERSUS                                             NO. 07-5563

NANCY J. MARSHALL, IN HER CAPACITY                 SECTION B(2)
AS ASSESSOR FOR THE SIXTH TAXING
DISTRICT FOR THE PARISH OF ORLEANS

ORDER AND REASONS

Before the Court is Plaintiffs' Motion to Remand (Rec. Doc. No. 3).  After review of the pleadings and applicable law, and for the reasons that follow,

IT IS ORDERED that Plaintiffs' Motion for Expedited Hearing on their Motion to Remand is DENIED.  IT IS FURTHER ORDERED that Plaintiffs' Motion to Remand is GRANTED.

*BACKGROUND*

Defendant Nancy Marshall is currently the Assessor for the Sixth Municipal District of Orleans Parish.  Upon being elected Assessor in April, 2006, Marshall proposed a plan to increase the level of uniformity of assessment practices in Orleans Parish. Specifically, she proposed the use of two software databases for future assessment of properties within Orleans Parish, the Multi-

1

Listing Service used by realtors listing property for sale and a database compiled by researchers at the University of New Orleans. The goal was to provide assessors with the most up-to-date information about real estate values upon which they could base their valuations.

The seven assessors within Orleans Parish sit as a Board of Assessors.  The Board makes parish-wide decisions concerning the method and manner of assessment and tax collections.  When Marshall proposed her new plan to the Board, it rejected the use of the plan on a Parish-wide basis.  The Board, however, indicated that Marshall could use the databases in her district alone and determine the quality of the assessments obtained through their use.

As a result, Marshall used the two databases she developed for the assessment of property values for the Fiscal Year 2008. Plaintiffs owned property located within the Sixth Municipal Assessment District for the Parish of Orleans.  Plaintiffs allege that as a result of Defendant's method of calculating property assessments, which differed from the methods used in other districts, her assessment of their property was higher than that of similar situated property in other districts within Orleans Parish. Such assessments they allege violate Louisiana Constitution Article VII, § 18(A) which provides that "the percentage of fair market

value [on which property tax is based] shall be uniform throughout the state upon the same class of property." La. Cons. Art. VII, § 18(A). Plaintiffs seek a declaratory judgment that Defendant's methods violate the Equal Protection and Due Process Clauses of the Louisiana and United States Constitutions. Additionally, they seek a writ of mandamus compelling Defendant to perform her assessments in a manner uniform with other Districts.

Plaintiffs filed their Petition in the Civil District Court for the Parish of Orleans on August 16, 2007. Defendant then filed a Notice of Removal on September 19, 2007. On October 5, 2007, Plaintiffs filed this Motion to Remand.

Plaintiffs argue that the Tax Injunction Act precludes the bringing of this suit in federal court. Alternatively, Plaintiffs argue that the Eleventh Amendment precludes this Court from exercising jurisdiction.

Defendant argues that the Tax Injunction Act does not preclude federal jurisdiction because Plaintiffs are essentially challenging the method in which they were taxed. Additionally, Defendant argues that the Eleventh Amendment does not bar a federal court from exercising jurisdiction over claims for injunctive and declaratory relief against a public official acting in her official capacity.

*DISCUSSION*

**A.     Tax Injunction Act**

Plaintiff argues that the Tax Injunction Act precludes the bringing of this suit in federal court.  The Tax Injunction Act provides that "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  Defendant relies on *Hibbs v. Winn*, 542 U.S. 88 (2004) and argues that the Act does not preclude federal jurisdiction.  Specifically, Defendant argues that under *Hibbs*, when individuals are challenging the state's method of collecting taxes but are not challenging their own tax liability, the Act does not apply.

The Court is not persuaded by Defendant's argument.  *Hibbs* involved a third party suit in which the plaintiffs challenged a state statute that permitted tax credits for contributions supporting parochial schools. *Hibbs*, 542 U.S. at 92.  Importantly, the plaintiffs in *Hibbs* were not challenging their own tax liability but instead the constitutionality of the credits granted to others under the statute.  *Id*.  The Court refused to apply the Act in that case but also made it clear that the Act *did* apply in cases where "state taxpayers seek federal-court orders enabling them to avoid paying state taxes." *Id*. at 107.  *See also Felton v. Icon Properties*, 2004 WL 2381513, *4 (E.D. La. 2004)(quoting

4

*Hibbs*); *New Orleans Secular Humanist Ass., Inc. v. Bridges*, 2006 WL 1005008, *3 (E.D. La. 2006) (quoting *Hibbs*); *Luessenhop v. Clinton Co., New York*, 466 F.3d 259, 265 (2d Cir. 2006) ("'[I]n enacting the [Tax Injunction Act], Congress trained its attention on taxpayers who sought to avoid paying their bill by pursuing a challenge route other than the one specified by the taxing authority.'" (quoting *Hibbs*, 542 U.S. at 104-05)).

In the present case, Plaintiffs are protesting the amount of taxes they are required to pay.  Plaintiffs' petition states that they seek a declaratory judgment that the manner in which Defendant has assessed their property is unconstitutional and also a writ of mandamus compelling her to reassess that property.  *See* Pl.'s Pet. ¶ XXXV.  They are not disputing tax credits granted to others but instead attempting to avoid the taxes which they themselves have been ordered to pay.  Under the reasoning in *Hibbs*, the Tax Injunction Act precludes the bringing of Plaintiffs' claims in federal court.

**B.    The Eleventh Amendment**

Plaintiffs next argue that the Eleventh Amendment precludes this Court from exercising jurisdiction.  28 U.S.C. § 1331 provides that federal courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  The Eleventh Amendment, however, bars individuals

from bringing suit in federal court against a state even though the claim arises under federal law. *Hans v. Louisiana*, 134 U.S. 1, 19-20 (1890). As an exception to this bar, the Supreme Court has held that the Eleventh Amendment does not bar federal suits that seek prospective declaratory or injunctive relief rather than monetary damages where those suits are aimed at state officers acting in their official capacities. *Ex Parte Young*, 209 U.S. 123, 168 (1908). The Supreme Court, however has limited this exception to the Eleventh Amendment bar in the context of state law claims. In *Pennhurst State School & Hosp. v. Halderman*, the Court held that the Eleventh Amendment does bar a claim in federal court that a state officer violated state law, even if the claim is pendent to a claim that the officer also violated the federal Constitution. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

In the present case, Plaintiffs have brought suit for injunctive and declaratory relief against an Assessor, a public official, acting in her official capacity. The Court is persuaded that under *Pennhurst*, the Eleventh Amendment bars this Court from exercising jurisdiction. Plaintiffs, in their Petition, assert claims under the Louisiana Constitution as well as the United States Constitution. Among these claims is the claim that Defendant in her official capacity violated the Due Process and

Equal Protection Clauses of the Louisiana Constitution.  *See* Pl.'s Pet. ¶¶ IV, XXII, XXIV.  The method of assessment in this case can be resolved on state statutory and constitutional law grounds without even reaching the federal claims.  Plaintiff's ill-advised reliance on federal law is small in comparison to the state law claims that control here.  Thus, under *Pennhurst*, the Eleventh Amendment bars this Court from exercising jurisdiction.

In sum, the Court finds that under the Tax Injunction Act as well as the Eleventh Amendment, this matter is not properly before this Court.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion To Remand is **GRANTED**.

New Orleans, Louisiana this 31st day of October, 2007.

_____
UNITED STATES DISTRICT JUDGE

7